UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
NORTHERN DIVISION AT CLEVELAND

| | |
|---|---|
| WILLIE FROST, | |
| Plaintiff, | Case No._____ |
| v. | Judge: |
| RAR CONTRACTING CO., LLC, | |
| Defendant. | **JURY DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.  INTRODUCTION

1. This is a class and collective action brought by Willie Frost ("Plaintiff Frost") individually against Defendant RAR Contracting Co., LLC ("RAR").

2. Defendant has unlawfully failed to pay Plaintiff Frost the state and federally required overtime wage for hours they worked in excess of forty (40) in a given workweek. In doing so, Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and O.R.C. § 5111.14 ("the Ohio Wage Act") by failing to pay Plaintiff Frost the overtime premium wage. Additionally, Defendants have violated the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") by failing to pay Plaintiff Frost within thirty (30) days of his last date worked.

3. Accordingly, Plaintiff Frost brings this action to recover unpaid overtime wages and related damages.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1332, in that this case arises under a federal law of the United States.

5. This Court has supplemental jurisdiction over Plaintiffs' Ohio state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same controversy.

6. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Valley View, Cuyahoga County, Ohio and Defendant resides in this district.

## III. THE PARTIES

7. Plaintiff Willie Frost is an adult resident of Cleveland, Ohio (Cuyahoga County). From approximately January 2011 to approximately November 15, 2018, Plaintiff Frost worked for Defendant in the State of Ohio as a dump truck driver and performed work out of its facility in Valley View, Ohio. Plaintiff Frost's signed consent form is attached as **Exhibit A.**

8. Defendant RAR Contracting Co, LLC. ("RAR") is an Ohio corporation, with its headquarters located in Valley View, Ohio. Process may be served on its registered agent, James Vincent, III located at 5545 Canal Road, Suite A, Valley View, Ohio 44125. RAR transports and delivers cement, asphalt and other materials exclusively within the state of Ohio.

## IV. STATEMENT OF FACTS

9. Defendant is in the business of delivering cement, asphalt, and other materials from various manufacturing plants and suppliers to different construction sites within the State of Ohio.

10. Plaintiff Frost performed dump truck and cement truck delivery services for Defendant.

11. Defendant operates a business model in which it sent text messages to Plaintiff to arrive to a pick-up site (usually an asphalt plant or cement manufacturing plant, etc. within the state of Ohio) to pick up materials at a designated time. From that site, Defendant required Plaintiff Frost to deliver the particular materials (cement, asphalt, dirt, etc.) to a particular construction site, building, road or a highway within the state of Ohio.

12. However, before Plaintiff Frost traveled to his pickup sites, Defendant required Plaintiff to travel to its main business location and depot in Valley View, Ohio ("the Truck Depot") to inspect his trucks and pick up his assigned cement or dump truck. From this home location, Defendant required Plaintiff Frost to travel to pick-up sites which were sometimes located two or more hours from the Truck Depot, but always within the state of Ohio. Defendant did not compensate Plaintiff Frost for time spent 1) performing the required pre-travel inspection or 2) travel time from the Truck Depot to the site.

13. Plaintiff Frost estimates that the required pre-travel inspections take approximately thirty (30) minutes to complete.

14. In addition, after Plaintiff Frost completed his delivery work at the pickup and construction sites, Defendant required him to transport his dump and cement trucks back to the Truck Depot in Valley View, Ohio. As explained above, this travel time often exceeds two (2) or more hours.

15. Upon Plaintiff Frost's return to the Truck Depot, Defendant consistently obligated Plaintiff Frost to perform a post-travel inspection. Plaintiff Frost normally incurred at least fifteen (15) minutes in performing these nightly post-travel inspections.

16. Defendant regularly and consistently has required Plaintiff Frost to arrive to the Truck Depot as early as 5:00 a.m. and Plaintiff Frost frequently returned after 7:00 p.m. In addition, Defendant also required Plaintiff Frost to perform work on night construction projects.

17. Defendant regularly obligated Plaintiff Frost to perform work as frequently as seven (7) days a week.

18. Specifically, Defendant consistently required Plaintiff Frost to work between forty (40) and sixty five (65) hours in a single workweek.

19. Additionally, Defendant regularly and impermissibly deducted fuel costs relating to Plaintiff Frost's travel from the Truck Depot to the pick-up and construction sites from their wages.

V. **FACTS RELATED TO FIRING OF PLAINTIFF WILLIE FROST**

20. Beginning approximately 2015, Plaintiff Frost complained to Defendant about Defendant's refusal to compensate him and other drivers for the time they spent traveling between the Truck depot and the pickup sites.

21. Sometime thereafter, Defendant began deducting fuel costs from Plaintiff Frost's paycheck. Upon information and belief, Defendant did not deduct the same costs from any other driver's paycheck.

22. Despite these repeated complaints, Defendant refused to change its policy of not compensating drivers for the travel time between the Truck Depot and the pick-up sites. Instead, Defendant informed Plaintiff Frost that if he disagreed with its refusal to pay its employees for their travel time, "[he] should find another job."

23. In or around November of 2018, Defendant temporarily laid off Plaintiff Frost and other drivers for the winter season in accordance with its past practice.

24. In December of 2018, Plaintiff Frost learned that Defendant had recalled several more junior drivers to perform special project work.

4

25. When Plaintiff Frost asked Defendant why he had not been given preference to work these special projects, Defendant informed Plaintiff Frost that it did not follow seniority rules, and promptly terminated Plaintiff Frost's employment.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME WAGES

26. Plaintiff re-alleges, and incorporate by reference, the allegations set forth in paragraphs 1 through 25 supra.

27. Defendant, as described above, violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay Plaintiff Frost at the overtime rate for all hours worked in excess of forty (40) per workweek.

28. Defendant RAR is an "employer" for the purposes of the FLSA, 29 U.S.C. § 203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce.

29. At all times material to this Complaint, Defendant employed Plaintiff Frost to work as a cement and dump truck driver within the meaning of the FLSA.

30. At all times material to this Complaint, Defendant regularly employed Plaintiff Frost to work more than forty (40) hours in a workweek.

31. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to compensate Plaintiff Frost for all hours worked, including Defendant's repeated action of refusing to compensate Plaintiff for his travel time to and from the Truck Depot to the pickup sites and for pre- and post-travel inspection work.

32. At all times relevant to this Complaint, Defendant violated the FLSA by repeatedly failing to pay Plaintiff Frost the legally mandated overtime premium at a rate no less than one and

one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

33. Defendant willfully violated and continues to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

### COUNT II
### OHIO WAGE ACT
### FAILURE TO PAY OVERTIME WAGES

34. Plaintiff re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 33 supra.

35. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* R.C. §§ 4111, *et seq.*; see also 29 U.S.C. § 206(b).

36. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

37. At all times relevant to this Complaint, Defendant was an "employer" covered by the Ohio Wage Act and has been thus required to comply with its mandates.

38. At all times relevant to this Complaint, Plaintiff Frost was a covered employee of Defendant and thus entitled to the Ohio Wage Act's protections.

39. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff Frost for all hours worked, including Defendant's repeated action of refusing to compensate Plaintiff for his travel time to and from the Truck Depot to the pickup sites and for pre- and post-travel inspection work.

40. At all times relevant to this Complaint, Defendant violated the Ohio Wage Act by repeatedly failing to pay Plaintiff Frost the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's regular pay rate for all hours worked in excess of forty (40) worked in one workweek.

41. In violating the Ohio Wage Act, Defendant's acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

**COUNT III**
**OHIO PROMPT PAY ACT-**
**FAILURE TO PROMPTLY PAY WAGES**

42. Plaintiff re-allege, and incorporate by reference the allegations set forth in paragraphs 1 through 41 supra.

43. At all times relevant to this Complaint, Defendant was Plaintiff Frost's "employer", and was required to comply with the Ohio Prompt Pay Act's provisions. *See* R.C. § 4113.15.

44. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* R.C. § 4113.15(A).

45. At all times relevant to this Complaint, Defendant has refused to pay Plaintiff Frost wages for all hours worked, and Defendant has refused to pay Plaintiff all owed overtime wages at one and one-half (1 ½) times his normal hourly rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

46. Plaintiff Frost's wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

47. Defendant's violations of the OPPA have been of a willful, intentional, or bad faith nature or were otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
## FLSA RETALIATION CLAIM

48.  Plaintiff Frost re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 47 supra.

49.  At all times material to this Complaint, Plaintiff Frost was employed by Defendant within the meaning of 29 U.S.C. § 203(e)(1).

50.  At all times material to this Complaint, Defendant employed Plaintiff Frost within the meaning of 29 U.S.C. § 203(g).

51.  Defendant unlawfully discriminated against Plaintiff Frost after he complained to Defendant about its refusal to compensate its drivers for their travel time between the Truck Depot and pickup sites when it began deducting fuel costs from his compensation.

52.  Defendant unlawfully retaliated against Plaintiff Frost pursuant to 29 U.S.C. § 215(a)(3) when it terminated his employment on or around November 15, 2018 after he complained to Defendant about its refusal to compensate its drivers for work time they spent traveling between the Truck Depot and pick-up sites.

53.  Defendant knowingly and willfully violated the FLSA by 1) unlawfully discriminatorily deducting fuel costs from Plaintiff Frost's wages and 2) terminating his employment.

## COUNT V
## DISCRIMINATION FOR ENGAGING IN ACTIVITY
## PROTECTED BY O.R.C §4111.4(J)

54.  Plaintiff Frost re-alleges and incorporate by reference the allegations set forth in paragraphs 1 through 53.

55.  At all times material to this Complaint, Plaintiff Frost was employed by Defendant within the meaning of O.R.C. § 4111.14.

56. At all times material to this Complaint, Defendant employed Plaintiff Frost within the meaning of O.R.C. § 4111.14.

57. Defendant unlawfully discriminated against Plaintiff Frost pursuant to O.R.C. § 4111.14.(J) when it began deducting fuel costs from Plaintiff Frost's wages after he complained to Defendant about its refusal to compensate its drivers for their travel time between the Truck Depot and pick-up sites.

58. Defendant unlawfully discriminated against Plaintiff Frost pursuant to O.R.C. § 4111.14.(J) when it terminated him after he complained to Defendant about its non-payment of wages to its drivers for the work time they spent traveling between the Truck Depot and the pickup sites.

59. Defendant knowingly and willfully violated O.R.C. § 4111.14(J) by terminating Plaintiff Frost's employment.

60. Defendant's retaliatory action and termination of Plaintiff Frost's employment resulted in both pecuniary and legal injury to Plaintiff.

## JURY DEMAND

Plaintiff and the Ohio Class Members request a trial by jury on all of their claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Frost prays that this Court enter the following relief:

1. Restitution and damages for all deductions taken from or applied to the Plaintiff Frost's pay;

2. An order awarding Plaintiff Frost back pay equal to the amount of all unpaid overtime for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

3. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff Frost and deter future violations by the Defendant of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

4. An order awarding consequential and punitive damages for the Defendants' unlawful termination of Plaintiff Frost in violation of 29 U.S.C. § 215(a)(3);

5. An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

6. Any other relief to which the Plaintiff and the Ohio Class Members may be entitled.

Dated: August 2, 2019  Respectfully Submitted,

**BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP**

/s/*Jessica R. Doogan*
Jessica R. Doogan (OH Bar No. 0092105)
Robert E. DeRose (OH Bar No. 0055214)
250 East Broad Street, 10th Floor
Columbus, OH 43215
Phone:  (614) 221-4221
Facsimile:  (614) 744-2300
jdoogan@barkanmeizlish.com
bderose@barkanmeizlish.com

*Counsel for Plaintiff*