IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIE FROST,** | **CASE NO. 1:19-CV-01758** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **RAR CONTRACTING CO., LLC,** | |
| | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | |

This matter comes before the Court upon Defendant RAR Contracting Co., LLC's ("Defendant") Motion to Vacate Judgment and for Leave to Answer, *Instanter* ("Motion to Vacate Judgment"). (Doc. No. 17.) Plaintiff Willie Frost ("Plaintiff") filed a brief in opposition to Defendant's Motion to Vacate Judgment on May 6, 2020, to which Defendant replied on May 18, 2020. (Doc. Nos. 20, 21.) For the following reasons, Defendant's Motion to Vacate Judgment (Doc. No. 17) is DENIED.

**I. Background**

On August 2, 2019, Plaintiff filed suit against Defendant in this Court, alleging that Plaintiff had worked as a truck driver for Defendant from January 2011 to November 2018. (Doc. No. 1 at ¶ 7.) In his Complaint, Plaintiff set forth claims under the Fair Labor Standards Act ("FLSA") and Ohio law based on Defendant's alleged failure to properly pay overtime wages and retaliation. (*Id.* at ¶¶ 26-60.) Plaintiff, through the Court, perfected service of the Complaint on Defendant's registered agent on or before September 12, 2019. (*See* Doc. No. 6.)

Shortly after the filing of the Complaint, in a letter dated August 8, 2019, Plaintiff's counsel sent a letter to RAR Contracting Co., Inc.—as opposed to Defendant RAR Contracting Co., LLC—

requesting records related to Plaintiff's employment. (Doc. No. 17-3.) Defendant and RAR Contracting Co., Inc. are both owned by the same individual. (Doc. No. 17-1 at ¶¶ 1-2.) In the letter, Plaintiff's counsel requested records related to Plaintiff's employment in order to "investigate possible violations of Ohio and federal wage and hour laws during certain periods of [Plaintiff's] employment at *RAR Contracting Co., Inc.*" (Doc. No. 17-3 at 1 (emphasis added).) On September 9, 2019, Bernadette Bizon, whose email signature specifies that she is the Accounts Payable/Payroll Administrator for "RAR Contracting Company," responded to Plaintiff's counsel's records request by providing personnel documents and payroll information regarding Plaintiff. (Doc. No. 17-2 at 1-2.) Several of these documents tend to indicate that Plaintiff was employed by RAR Contracting Co., Inc.—not Defendant. (*See id.* at 22, 29-31, 37, 39-40, 49-71, 73, 79.) For example, certain health plan forms and garnishment documents identified RAR Contracting Co., Inc. as the employer. (*Id.* at 22, 49.) Defendant has also submitted to the Court an example of a check Plaintiff would have received during his employment from RAR Contracting Co., Inc. (Doc. No. 17-4 at 3.)

Believing that the lawsuit would be dismissed as a result of the provision of documents showing that Defendant was not Plaintiff's employer, Defendant did not file an answer or otherwise respond to Plaintiff's Complaint. (*See* Doc. No. 17-1 at ¶¶ 7-8.) Defendant also never informed Plaintiff's counsel that Plaintiff had named the wrong entity in his Complaint. Consequently, on October 11, 2019, Plaintiff moved for an entry of default against Defendant, which the Clerk of Court entered the same day. (Doc. Nos. 7, 8.) That same day, the Court also mailed a copy of Plaintiff's

2

request for an entry of default and the entry of default to Defendant's registered agent.[1] However, Defendant still did not make an appearance in the case or file any response to the entry of default.

On November 15, 2019, Plaintiff then filed a Motion for Default Judgment against Defendant. (Doc. No. 9.) On January 24, 2020, the Court issued an order setting an evidentiary hearing on Plaintiff's Motion for Default Judgment for February 21, 2020. The Court mailed its order to Defendant's registered agent the same day. On February 21, 2020, the Court held the evidentiary hearing as scheduled, during which Plaintiff testified and Plaintiff's counsel presented documentary evidence in support of Plaintiff's claims. (Doc. No. 10.) Based on the evidence presented at the hearing, Plaintiff, through counsel, withdrew his retaliation claims. (*Id.* at 1.) After the hearing, the Court also ordered Plaintiff to submit a supplement to his Motion for Default Judgment related to the amount of damages claimed, which he did on February 28, 2020. (*Id.* at 2; Doc. No. 13.) Defendant did not appear at the hearing or file any response to Plaintiff's Motion for Default Judgment or supplemental submission.

Subsequently, on March 3, 2020, the Court granted in part and denied in part Plaintiff's Motion for Default Judgment and entered judgment against Defendant for a total of $94,104.46. (Doc. Nos. 14, 15.)[2] The same day, the Court once again mailed its order and judgment entry to Defendant's registered agent. Shortly thereafter, on March 24, 2020, Defendant appeared in the case for the first time and filed the Motion to Vacate Judgment currently under consideration, seeking

---

[1] Plaintiff states that he served his request for entry of default and the entry of default on Defendant independently by certified mail, although the exhibits referenced in his brief appear to be missing from his filing. (Doc. No. 20 at 3.)
[2] The Court denied Plaintiff's Motion for Default Judgment solely with respect to his request for injunctive relief. (Doc. No. 14 at 2.)

3

relief from the Court's judgment under Rules 60(b)(1), (3), and (6). (Doc. No. 17.) Defendant's Motion is fully briefed and ripe for consideration.

**II.      Standard of Review**

Rule 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In turn, Rule 60(b) enumerates several specific reasons for which a court may relieve a party from a final judgment. Fed. R. Civ. P. 60(b). Where, as here, Rule 60(b) is invoked to set aside a default judgment, courts generally must engage in two inquiries. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Specifically, a "court must both consider the Rule 55 equitable factors as enumerated in [*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983)], and find that one of the specific requirements of Rule 60(b) is met." *Id.*

The three equitable factors enumerated in *United Coin Meter* are "(1) whether the opposing party would be prejudiced; (2) whether the proponent had a meritorious claim or defense; and (3) whether the proponent's culpable conduct led to the default." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (citing *United Coin Meter*, 705 F.2d at 845)). However, "if there is no basis for setting aside the judgment under Rule 60(b) then a court need not consider the *United Coin Meter* factors at all." *Stooksbury v. Ross*, No. 3:09–CV–498, 2012 WL 523668, at *5 (E.D. Tenn. Feb. 16, 2012) (quoting *Psychopathic Records, Inc. v. Anderson*, No. 08–cv–13407, 2010 WL 2510992, at *2 (E.D. Mich. June 17, 2010)); *see also Sparton Engineered Products, Inc. v. Cable Control Technologies, Inc.*, No. 97-1995, 1999 WL 115472, at *3 (6th Cir. Feb. 10, 1999) ("Because Cable is unable to show [the] excusable neglect requirement, we need not address Cable's other claims under the *United Coin Meter* test.").

>Rule 60(b) provides:
>
>On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>>(1) mistake, inadvertence, surprise, or excusable neglect;
>>
>>(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>>(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>>(4) the judgment is void;
>>
>>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Before a court may grant a motion under Rule 60(b), "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *United States v. Rohner*, 634 F. App'x 495, 506 (6th Cir. 2015) (quoting *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)). "Application of Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Id.* (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509.

5

With regard to motions to set aside a default judgment, courts "must apply Rule 60(b) 'equitably and liberally . . . to achieve substantial justice.'" *United Coin Meter*, 705 F.2d at 845 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980)). Indeed, "trials on the merits are favored in federal courts," and "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Weiss*, 283 F.3d at 795 (quoting *United Coin Meter*, 705 F.2d at 846).

**III.   Analysis**

    **a.  Rule 60(b)(1)**

First, Defendant asserts that it is entitled to relief from judgment under Rule 60(b)(1) based on (1) Defendant's excusable mistake in believing that sharing the requested documents regarding Plaintiff's employment would result in the suit's dismissal, (2) Plaintiff's counsel's lack of authority to continue the case against Defendant knowing it was not the real party in interest, and (3) the fact that the judgment was based on the false representation that Defendant employed Plaintiff. (Doc. No. 17 at 3-4.) In response, Plaintiff contends that Defendant's ignorance of the law and carelessness in failing to respond to the Complaint does not warrant relief and that Plaintiff's counsel prosecuted the case in good faith believing that Defendant was the correct entity. (Doc. No. 20 at 6-11.) Upon review, the Court finds that Defendant has failed to establish any grounds for relief under Rule 60(b)(1).

Under Rule 60(b)(1), a court may provide relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). According to the Sixth Circuit, this rule "permits relief 'in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in

the final judgment or order.'" *Rohner*, 634 F. App'x at 506 (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). In addition, to be relieved from judgment under Rule 60(b)(1), a party must also demonstrate it has a meritorious claim or defense. *Merriweather v. Wilkinson*, 83 F. App'x 62, 63 (6th Cir. 2003).

"In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). However, it is clear that "[n]either carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed.R.Civ.P. 60(b)(1)." *Merriweather*, 83 F. App'x at 63; *see also Barnhill v. Renaissance Home Health Care, Inc.*, No. 1:16-cv-3012, 2019 WL 5327878, at *2 (N.D. Ohio Oct. 21, 2019) (holding the defendants' unsupported claim that they were unaware of their obligation to participate in the case did not justify relief from default judgment); *Psychopathic Records*, 2010 WL 2510992, at *4 (denying motion for relief from judgment because the defendant's failure to respond to the plaintiffs' complaint and motion for default judgment despite his awareness of the proceedings indicated "he willfully attempted to thwart the judicial process" or "[a]t the very least, he was careless in his actions").

Additionally, in *Jakubowski v. Mosaic Mercantile, Inc.*, the court rejected the defendant's argument that it had failed to participate in the case because its owner had "figured that the lawyer for Plaintiff would not continue on with a lawsuit in the face of evidence that the product that allegedly caused the Plaintiff's injuries was not even made by the named Defendant." No. 1:11–CV–597, 2013 WL 4498995, at *2 (W.D. Mich. Aug. 19, 2013). The court held that even if the owner had such a belief, it did not excuse the defendant's subsequent inaction in the case leading to the

default judgment against it, and that the defendant's "neglect in this matter was inexcusable and does not warrant relief from judgment." *Id.* at *3.

Similarly, here, as justification for its failure to take any action in this case prior to the entry of default judgment, Defendant asserts that it mistakenly believed Plaintiff would dismiss the case based on the documents provided in response to Plaintiff's records request. (Doc. No. 17 at 3-4.) However, ignorance of the law and the requirement that Defendant respond to Plaintiff's Complaint regardless of whether Defendant believed the claim was meritless does not justify Defendant's lack of response. Indeed, the summons served on Defendant notified it that it had to "serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure" and that if Defendant failed do so, "judgment by default will be entered against you for the relief demanded in the complaint." (Doc. No. 4.) Moreover, even if Defendant initially thought that Plaintiff would dismiss the case shortly after receiving the documents regarding Plaintiff's employment in September 2019, Defendant continued to receive additional notices from the Court thereafter that indicated the case was ongoing. Specifically, on October 11, 2019, the Court mailed a notice of the entry of default to Defendant, and, on January 24, 2020, the Court mailed a notice of the evidentiary hearing on Plaintiff's Motion for Default Judgment. Defendant does not claim that it did not receive any of the Court's mailings, except indicating in a footnote unsupported by any declaration or evidence that "[u]pon information and belief, certain court-filed documents were served on defendant's statutory agent, at least some of which were not thereafter relayed to any authorized person, through no apparent fault of plaintiff." (Doc. No. 21 at 2 n.1.) Thus, Defendant has not provided any evidence that it was not aware of the entry of default against it or the subsequent evidentiary hearing, and has not offered any explanation for its continued inaction and disregard of

8

the Court's notifications. Accordingly, Defendant's argument regarding its owner's belief that Plaintiff would voluntarily dismiss his suit does not constitute the type of mistake, inadvertence, surprise, or excusable neglect that would warrant relief under Rule 60(b)(1).

Defendant also argues that relief from judgment under Rule 60(b)(1) is appropriate because Plaintiff's counsel lacked authority to continue the case against Defendant knowing it was not the real party in interest. (Doc. No. 17 at 4.) While the Sixth Circuit has held that "Rule 60(b)(1) might provide relief when 'an attorney has acted without authority,'" as far as this Court can tell, this principle has only been applied in circumstances in which an attorney acted outside the scope of authority provided by his or her client. *See United States v. Church*, No. 19-1528, 2020 WL 2494431, at *2 (6th Cir. Apr. 22, 2020) ("[O]ther circuits have held that, '[a]lthough an attorney of record is presumed to have his client's authority to compromise and settle litigation, a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.'") (quoting *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir. 1979)). Thus, Defendant's argument with regard to Plaintiff's counsel's authority to maintain a suit against it is misplaced. Moreover, even if Defendant's argument was applicable to this situation, while Defendant has asserted that Plaintiff's claims are meritless, it has not provided any support for its contention that Plaintiff's counsel somehow lacked *authority* to bring or continue the suit. Accordingly, the Court finds Defendant's argument on this basis meritless.

Finally, Defendant asserts it is entitled to relief under Rule 60(b)(1) because the default judgment is based on the false representation that Defendant employed Plaintiff. (Doc. No. 17 at 4.) Defendant argues that this "mistake" in the judgment supports his request. (*Id.*; Doc. No. 21 at 4.) However, as noted above, "Rule 60(b) does not allow a defeated litigant a second chance to convince

the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509. At the time default judgment was entered, the Court properly assumed that all well-pleaded allegations in Plaintiff's Complaint, including the allegation that Defendant was Plaintiff's employer, were true. *See Thirty Eight Street, Inc. v. Chatur Corp.*, No. 1:08CV716, 2009 WL 10689657, at *4 (N.D. Ohio Aug. 10, 2009) ("In the case of a default, the court must take as true all well-pleaded allegations in the complaint except those pertaining to the amount of damages.") (citing Fed. R. Civ. P. 8(b)(6)). Plaintiff also submitted a declaration in support of his Motion for Default Judgment stating that Defendant was his employer. (Doc. No. 9-1 at ¶ 2.) After failing to respond to Plaintiff's allegations despite numerous opportunities to do so, Defendant cannot not now introduce new evidence contesting certain facts to demonstrate a mistake in the judgment that would warrant relief under Rule 60(b)(1).

Defendant relies on *In re Maximus III Properties, LLC*, No. 17-41723, 2019 WL 4896939 (Bankr. N.D. Ohio Oct. 3, 2019) to support its argument that relief from judgment is warranted when the true facts of the case, as supported by Defendant's newly presented evidence, do not support the judgment. (Doc. No. 21 at 4-5.) But *In re Maximus III Properties, LLC* is easily distinguishable. In the case, the court granted summary judgment—not default judgment—against the defendant after he failed to file a timely response. 2019 WL 4896939, at *2. The court then granted the defendant's motion for relief from judgment because, *based on the record before it at the time of summary judgment*, the court determined that it had erred when it held there was no factual dispute regarding the defendant's liability. *Id.* at *4. In contrast, here, at the time it entered default judgment, the Court did not err in finding that Defendant was Plaintiff's employer based on the allegations in Plaintiff's Complaint and Plaintiff's declaration in support of default judgment. Further, in *In re Maximus III*

10

*Properties, LLC*, the court also based its decision on the short notice provided to the defendant and the limited record before it, whereas here, Defendant was provided ample time to respond to Plaintiff's filings and the Court conducted a full evidentiary hearing. *Id.* at *5.

Accordingly, Defendant has failed to demonstrate it is entitled to relief under Rule 60(b)(1) based on any mistake, inadvertence, surprise, or excusable neglect, and the Court need not consider whether it has a meritorious defense.

### b. Rule 60(b)(3)

Next, Defendant claims that relief from judgment is warranted under Rule 60(b)(3) based on Plaintiff's misrepresentations that Defendant was his employer. (Doc. No. 17 at 4.) Plaintiff responds that relief is inappropriate because Defendant has failed to prove that Plaintiff deliberately made any misrepresentations. (Doc. No. 20 at 11-12.) The Court agrees.

Pursuant to Rule 60(b)(3), a "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "[T]he party seeking relief under Rule 60(b)(3) bears the burden of showing entitlement to such relief by clear and convincing evidence." *Thurmond v. Wayne Cty. Sheriff Dep't*, 564 F. Appx 823, 827 (6th Cir. 2014). Rule 60(b)(3) "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold*, 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.*, No. 95–3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)); *see also Thurmond*, 564 F. Appx at 827 ("Thurmond was thus obliged to show by clear and convincing evidence that defendants deliberately engaged in some act of fraud, misrepresentation or other misconduct that adversely affected the fairness of the proceedings.").

In addition, "[t]he sort of 'fraud' with which Rule 60(b)(3) is concerned is conduct by an opposing party or witness during the litigation that 'prevented the moving party from fully and fairly presenting his or her case.'" *Jasper v. Rockensuess*, No. 04-70067, 2006 WL 2811301, at *2 (E.D. Mich. Sept. 28, 2006) (citations omitted). Thus, "[o]rdinarily, a movant must show that there was 'misconduct [not] known to the movant <u>before judgment entered</u>,' and 'that the misconduct adversely affected the fairness of the proceedings.'" *Kline v. Mortg. Elec. Registration Sys.*, No. 3:08-cv-408, 2016 WL 3926481, at *3 (S.D. Ohio July 18, 2016) (quoting *Thurmond*, 564 F. App'x at 830).

In this case, some of the documents that Defendant provided to Plaintiff do appear to indicate that RAR Contracting Co., Inc., not Defendant, was Plaintiff's employer, and one of Plaintiff's communications refers to RAR Contracting Co., Inc. as Plaintiff's employer. (*See* Doc. No. 17-2 at 22, 29-31, 37, 39-40, 49-71, 73, 79; Doc. No. 17-3 at 1; Doc. No. 17-4 at 3.) But Defendant never specifically informed Plaintiff's counsel that the wrong entity had been named in the Complaint, and Defendant has not provided any other evidence to support his contention that Plaintiff deliberately misrepresented which entity was his employer in this litigation. Conversely, Plaintiff has indicated that he prosecuted this action in good faith, and that the pay stubs and other documents received by Plaintiff supported what Plaintiff believed to be the corporate structure of the company, which was that one entity issued payroll and the other entity held the assets and was the active business. (Doc. No. 20 at 11.) Plaintiff's potential confusion is supported by the fact that Defendant and RAR Contracting Co., Inc. share the same owner, and, according to Plaintiff, share the same address and registered statutory agent. (Doc. No. 17-1 at ¶¶ 1-2; Doc. No. 20 at 8.) Further, Plaintiff had no incentive to improperly name Defendant, given Defendant has stated it has no assets from which to collect a judgment. (*See* Doc. No. 17-1 at ¶ 4; Doc. No. 17 at 5.) Accordingly, Defendant has not

presented clear and convincing evidence that Plaintiff committed a deliberate act of fraud or misrepresentation.

Moreover, even assuming, *arguendo*, that Plaintiff had engaged in misconduct by deliberately naming Defendant as Plaintiff's employer instead of RAR Contracting Co., Inc., Defendant was aware of the supposed misrepresentation well before the entry of default judgment. In his declaration, Defendant's owner stated that "[u]pon being contacted by [Plaintiff's] counsel on or about September 8, 2019, the latter was immediately provided documents on September 9, 2019, reflecting that RAR Contracting Co., Inc., was [Plaintiff's] prior employer," and that "[t]hereafter, I was under the belief that the lawsuit against RAR Contracting Co., LLC, would be dismissed." (Doc. No. 17-1 at ¶¶ 7-8.) Thus, by September 2019, Defendant was aware of this litigation and believed that Plaintiff had named the wrong entity, yet took no action in the case until after the entry of default judgment in March 2020. Because Defendant was aware of the alleged misrepresentation almost six months before judgment, it is not the type of misconduct that Rule 60(b)(3) was meant to address. As a result, Defendant is not entitled to relief under Rule 60(b)(3).

### c. Rule 60(b)(6)

Finally, Defendant contends that extraordinary circumstances warrant relief pursuant to the catchall provision in Rule 60(b)(6). (Doc. No. 17 at 5-6.) In opposition, Plaintiff argues Defendant's request for relief under Rule 60(b)(6) should be denied because Defendant has failed to identify any such extraordinary circumstances. (Doc. No. 20 at 12-13.) The Court concludes that Defendant has failed to establish that relief under Rule 60(b)(6) is warranted.

Rule 60(b)(6) "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of*

*UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). As explained by the Sixth Circuit:

> "Courts ... must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (internal quotation marks omitted). "The 'something more' ... must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* "There are few cases elaborating on the 'something more' that is required. This may be explained ... by the fact that clauses 1–5 of the Rule cover almost every conceivable ground for relief." *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir.) (internal quotation marks omitted), *cert. denied*, 537 U.S. 885, 123 S.Ct. 118, 154 L.Ed.2d 144 (2002).

*Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007).

In the instant matter, Defendant has not identified any circumstances beyond the alleged misconduct discussed above with regard to Defendant's claims for relief under Rules 60(b)(1) and (3). (*See* Doc. No. 21 at 6.) Thus, Defendant relies on the same facts that fit within the confines of the other sections of Rule 60(b), and has not presented any extraordinary circumstances entitling it to relief under Rule 60(b)(6).[3]

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Vacate Judgment (Doc. No. 17) is DENIED.

**IT IS SO ORDERED.**

                                               *s/Pamela A. Barker*
                                               PAMELA A. BARKER
Date: July 16, 2020                    U. S. DISTRICT JUDGE

---

[3] The Court notes that because the Defendant has not set forth any viable grounds for relief pursuant to Rule 60(b), the Court need not address the *United Coin Meter* factors.